R. W. PRATER et al. *v.* D. M. PRITCHARD, Sheriff et al.

Whoever undertakes to shield the property of another from the pursuit of his creditors, is properly subjected to the rule " *omnia præsumuntur contra spoliatores.*"

Where a party interrogated on facts and articles answers evasively, the interrogatories are to be taken as confessed against him; and where the object of the interrogatories is to ascertain the amount of a sum of money paid to him, the largest sum, about which inquiry is made, will be taken as the true amount.

APPEAL from the District Court of Catahoula, *Barry,* J. *James G. Taliaferro,* for plaintiffs. *Mayo* and *Hendry,* for defendants. The judgment of the court was pronounced by

PRATER
v.
PRITCHARD.

ROST, J. *Copley*, as assignee of *Jacobs*, a judgment creditor of *Robert H. Hanna*, caused to be seized, under execution, a tract of land, as the property of his debtor. The plaintiff, in his own right and as administrator of his brother's estate, enjoined the sale, alleging that the land belonged to him, and to his brother's succession, jointly; the injunction was perpetuated by the district court, and the defendants appealed. The seizing creditor, in his answer, averred the ownership of the land to be in *Hanna*, and propounded interrogatories to the plaintiff to establish that fact; the plaintiff objected to answering, but was very properly ordered by the court to do so. It results from his answers, that he and his brother purchased the land from *Scott*, and that, subsequently, they entered into a contract with *Hanna*, by which they gave him possession of the land, and agreed to make him a title as soon as he paid them $800. Under that agreement, *Hanna* occupied the land, and had been in possession four years at the time of the seizure. Many of the interrogatories annexed to the defendants answer, were propounded with a view to ascertain how much *Hanna*, or others for him, had paid upon the land; when and how it had been paid; but all the answers of the plaintiffs to those interrogatories are perversely evasive, and evidently shaped so as to shield *Hanna's* property from the pursuit of his creditors. Whoever assists in the work of spoliation, becomes properly under the rule *omnia præsumuntur contra spoliatores*. When to the interrogatory, whether *Hanna*, or any one for him, has paid as much as $550, or $500; or as much as $450, or $400; or as much as $350, or $750, the amount of the price agreed upon, less $50, he answers, "that he supposes he has; that he does not know exactly how much has been paid; thinks $500, or thereabout." It is our duty to take the interrogatory for confessed, to the amount of the largest sum, and to consider it proved that the price has been paid within $50.

The just rights of *Hanna's* creditors cannot be defeated by an understanding between him and his vendors, that the small balance due shall remain unpaid. We are of opinion, that upon payment of that balance to the plaintiffs, *Copley* will acquire the right to subject the land in controversy to his execution.

It is therefore ordered, that the judgment in this case be reversed, and the injunction dissolved. It is further ordered, that upon the defendant, *Copley*, paying to the plaintiff the sum of $50, the sheriff be allowed and ordered to proceed in the sale of the land, seized under the execution in his hands. It is further ordered, that the plaintiffs pay costs in both courts.